UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE SMITH, | Case No. 25-cv-00719-HSG |
| Plaintiff, | **ORDER GRANTING MOTIONS TO DISMISS** |
| v. | Re: Dkt. Nos. 31, 32 |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

Pending before the Court are the motions to dismiss submitted by Defendants Wells Fargo Bank ("Wells Fargo") and JPMorgan Chase Bank ("Chase"). *See* Dkt. Nos. 31, 32. The Court **GRANTS** the motions.

## I.    BACKGROUND

The parties are familiar with the allegations underlying this dispute, which the Court detailed in its last order. *See Smith v. Wells Fargo Bank*, 809 F. Supp. 3d 922, 932–33 (N.D. Cal. 2025). In brief, Plaintiff Faye Smith was the victim of a fraudulent scheme carried out by her stepson Robert Jr. and his wife Camille, who stole hundreds of thousands of dollars from her bank accounts held with Wells Fargo and Chase. *See generally* Dkt. No. 29 ("FAC"). While Plaintiff was gravely ill, Robert Jr. forged a power of attorney and certification of resignation of trustee. *Id.* ¶¶ 18, 24; Dkt. Nos. 29-3 (Power of Attorney), 29-4 (Certification of Resignation as Trustee). He presented these documents to Chase and Wells Fargo, purporting to have authority to act on Plaintiff's behalf. FAC ¶ 24. Once granted access to Plaintiff's accounts by Defendants, Robert Jr. and Camille drained those accounts for their own use. FAC ¶¶ 26–29.

Plaintiff originally filed suit against Defendants in Contra Costa Superior Court, and Defendants removed. *See* Dkt. No. 1. The Court granted Defendants' motions to dismiss the

*United States District Court*
*Northern District of California*

complaint, Dkt. No. 28, and Plaintiff filed an amended complaint, asserting claims for (1) violations of California's Unfair Competition Law, (2) breach of contract, and (3) money had and received.  FAC ¶¶ 48–67.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. Rule 9(b).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

### III.    DISCUSSION

Defendants argue that California Probate Code § 4303 immunizes them from Plaintiff's claims.  The Court agrees, and also finds that Plaintiff's claims fail for independent reasons.

### A.    Probate Code § 4303

Probate Code § 4303 provides, in relevant part:

> (a) A third person who acts in good faith reliance on a power of attorney is not liable to the principal . . . for so acting if all of the following requirements are satisfied:
>
>> (1) The power of attorney is presented to the third person by the attorney-in-fact designated in the power of attorney.
>>
>> (2) The power of attorney appears on its face to be valid.
>>
>> (3) The power of attorney includes a notary public's certificate of acknowledgment or is signed by two witnesses.

The Court again finds that "Plaintiff's own allegations, coupled with the attachment of the power of attorney to her complaint, show that even as pled, § 4303's safe harbor applies." *Smith*, 809 F. Supp. 3d at 935.  Each of § 4303's three prongs are met here.  First, Plaintiff alleges that Robert Jr., the purported attorney-in-fact, presented the power of attorney to Defendants.  FAC ¶ 24.  Second, the Court again finds that "on its face, the [power of attorney] bears all the hallmarks of a facially valid power of attorney." *Smith*, 809 F. Supp. 3d at 936.  It contains a signature purporting to be Plaintiff's and the date of execution. *See* Dkt. No. 29-3 at 7.  Its contents indicate it is a legal instrument authorizing the attorney-in-fact to, among other things, transfer funds, set up a trust account, and make deposits or withdrawals. *Id.* at 3–5.  Finally, the power of attorney includes a forged certification by a notary public, which as the Court previously found, "appears valid on the face of the document." *Smith*, 809 F. Supp. 3d at 936.  Accordingly, the Court once again finds that the document satisfies the requirements of § 4303.

Plaintiff raises an argument she previously made, namely that Defendants are not immune under § 4303 because they also relied on a forged Certification of Resignation of Trustee.  The Court already considered and rejected this argument, because the power of attorney "expressly authorized Robert Jr. not only to open a trust account for his own benefit, but also to fund that account and 'perform any act necessary to deposit . . . any note.'" *Id.* (quoting Dkt. No. 19-1 at

3

United States District Court
Northern District of California

63–67); *see also* Dkt. No. 29-3 at 3–5. In its prior order, the Court also identified various allegations that, if Plaintiff could plausibly plead them, arguably might preclude Defendants from relying on § 4303 for any post-notification conduct. *See Smith*, 809 F. Supp. 3d at 937 (finding, for example, that to the extent Plaintiff could allege that she revoked the power of attorney and gave notice to the banks that she had done so, the Court would have to consider such allegations on an amended complaint). But Plaintiff has not addressed these deficiencies in her amended complaint, and she has not raised any new arguments that change the Court's analysis. Accordingly, the Court finds that Defendants are entitled to the safe harbor under § 4303.

### B.    UCL Claim

Plaintiff seeks compensatory damages and restitution in connection with her UCL claim. FAC at 15 (Prayer for Relief). Compensatory damages are unavailable under the UCL, because "[w]hile any member of the public can bring suit under the act to enjoin a business from engaging in unfair competition, it is well established that individuals may not recover damages." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Plaintiff also is not entitled to restitution from Defendants. "A restitution order against a defendant [] requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 336 (2011). As the Court previously found, "Plaintiff has not alleged that either bank 'acquired' the money deposited in the banks. Instead, as Plaintiff alleges, it was her stepson Robert Jr. and Camille who took 'hundreds of thousands of dollars from' her." *Smith*, 809 F. Supp. 3d at 941. The FAC adds allegations that the banks "wrongfully acquired" the money because the "[t]itle to these funds passed immediately to the receiving bank upon deposit in the receiving account." FAC ¶ 53. But these new allegations do not change the analysis, because the gravamen of Plaintiff's complaint remains that "Robert Jr. and [his wife] Camille were able to take hundreds of thousands of dollars from" her, *id.* ¶ 40. Plaintiff does not allege that the banks continue to have title to those funds, because she alleges that they were withdrawn from her accounts by Robert Jr. and Camille, and she does not respond to Wells Fargo's arguments or case law rejecting UCL claims in similar circumstances. *See Sparkman v. Comerica Bank*, No. 23-CV-02028-DMR, 2023 WL 8852487, at

United States District Court
Northern District of California

*9 (N.D. Cal. Dec. 21, 2023) (dismissing UCL claim where "the FAC d[id] not allege that Defendants "acquired" money that Sparkman lost due to third party fraud"); *Lusinyan v. Bank of Am., N.A.*, No. CV-14-9586 DMG (JCX), 2015 WL 12777225, at *5 (C.D. Cal. May 26, 2015) ("Based on the facts alleged in the Complaint, Bank of America did not acquire and currently does not possess the money Plaintiffs lost—USMR has the money.  As a result, Plaintiff cannot state a UCL claim as to Bank of America.").  Accordingly, the motions to dismiss Plaintiff's UCL claim are **GRANTED WITHOUT LEAVE TO AMEND**.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court's discretion to deny leave to amend is "particularly broad" where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [her] claims").

### C.    Breach of Contract

Plaintiff's breach of contract claim is also subject to dismissal.  To state a claim for breach of contract, a plaintiff must plead the following elements: (1) a contract, (2) the plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to the plaintiff from defendant's breach.  *See Walsh v. W. Valley Mission Cmty. Coll. Dist.,* 66 Cal. App. 4th 1532, 1545 (Cal. Ct. App. 1998).  Here, Plaintiff alleges that she and Defendants entered into contracts concerning her deposit accounts, and that those contracts "contained terms substantively similar to" generalized provisions she goes on to allege.  FAC ¶ 15.  The Court finds these allegations insufficient to state a claim for breach of contract.  *See Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014)( "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint.").  And the Court rejects Plaintiff's contention that it should overlook this pleading requirement because it can be cured through discovery.  *See Iqbal*, 556 U.S. at 686 (rejecting request to "relax the pleading requirements" and give plaintiff opportunity to cure allegations through "minimally intrusive discovery," reasoning that, "[b]ecause respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise").  Accordingly, the motions to dismiss Plaintiff's breach of contract claim are **GRANTED WITHOUT LEAVE TO AMEND**.  *See Zucco Partners*, 552 F.3d at 1007.

### D.   Money Had and Received

Plaintiff's final cause of action is in the form of a common count for money had and received, alleging that Defendants "became indebted to Plaintiff in a sum to be determined at trial." FAC ¶ 64. The Court finds that this claim also fails. Under California law, "[a] common count is not a specific cause of action . . . ; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness . . . :" *McBride v. Boughton*, 123 Cal. App. 4th 379, 394, 20 Cal.Rptr.3d 115 (2004). "Thus, a common count for money had and received rises and falls with the underlying equitable claims." *King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856, 870 (N.D. Cal. 2019) (citing *McBride*, 123 Cal. App. 4th at 394–95). Here, Plaintiff's equitable claim under the UCL fails, and for that reason so does her claim for money had and received. *See Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1559 (2007) (upholding trial court's dismissal of claim for money had and received where it sustained demurrer as to the plaintiff's underlying equitable claims). Accordingly, Plaintiff's claim for money had and received is **DISMISSED WITHOUT LEAVE TO AMEND** because any amendment would be futile given the failure of the underlying claim. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper if amendment would be futile).

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' motions to dismiss, Dkt. Nos. 31, 32. The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated:  4/22/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge